# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>ISAAC BASILIO ROSAS,<br>    Defendant. | CRIMINAL NO. 5:17-56-KKC-2<br><br>**OPINION AND ORDER** |

**\*\* \*\* \*\* \*\* \*\***

This matter is before the Court on a pro se motion by Defendant Isaac Basilio Rosas. (DE 274.) The United States has responded (DE 276), and the matter is now ripe for the Court's review.

The relief sought by Defendant's motion has been the subject of some confusion—it was docketed as a motion seeking relief pursuant to 18 U.S.C. § 3582(c)(1)(B), and the United States responded as if it was a typical motion for compassionate release under 18 U.S.C § 3582(c)(1)(A). However, the Court believes that the motion is properly construed as either a motion for the Bureau of Prisons (BOP) to apply First Step Act (FSA) Time Credits, or a facial challenge to 18 U.S.C. § 3632(d)(4)(E), which provides that an inmate subject to a final order of removal under any provision of the immigration laws (as defined in 8 U.S.C. § 1101(a)(17)) may not have FSA Time Credits applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. § 3624(g). The defendant does not make clear whether he is subject to a final order of removal or whether he has exhausted his administrative remedies with the BOP on this issue. Regardless, the Court is unable to grant Defendant relief at this time.

Because success on the merits of a claim for FSA Time Credits would necessarily imply the invalidity of confinement or shorten its duration, such a claim must be brought in habeas, rather than as a motion for sentence reduction. *United States v. Bikundi*, No. 14-30-1 (BAH), 2022 WL 1451402, at *3 (D.D.C. May 9, 2022) (citing *Davis v. U.S. Sent'g Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013)); *United States v. Ramirez*, No. 13-10140-02-JWB, 2020 WL 263582, at *1 (D. Kan. Jan. 17, 2020). Before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies with the BOP. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). After exhaustion of his administrative remedies with the BOP, if a prisoner seeks to file a § 2241 habeas petition, that petition would be appropriately filed in the district of confinement (in this Defendant's case, the Southern District of Georgia). *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003).

Because Defendant's motion is not properly before the Court, the Court hereby ORDERS that Defendant's motion (DE 274) is DENIED.

This 16th day of May, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY